United States Courts
Southern District of Texas
FILED

MAR 16 2005

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **MARILUZ G. ARISMENDEZ** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. M-04-178 |
| | § | |
| **PROFESSIONAL** | § | |
| **RESPIRATORY HOME** | § | |
| **HEALTHCARE, INC. d/b/a** | § | |
| **AAA MEDICAL** | § | |
| **EQUIPMENT, INC.** | § | |
| | § | |
| *Defendant.* | § | |

## CHARGE TO JURY

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or made in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be

Page 1



unanimous.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during this trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such

**Page 2**

reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges–judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate on your verdict, you may take this charge

**Page 3**

with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

## JURY QUESTION NO. 1:

Do you find that Plaintiff has proved by a preponderance of the evidence that Plaintiff's pregnancy was a motivating factor in the Defendant's decision to discharge Plaintiff?

A "motivating factor" in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision.

Answer "Yes" or "No."

ANSWER: __Yes__


IF THE ANSWER IS "NO", DO NOT ANSWER ANY MORE QUESTIONS AND PROCEED TO JURY CERTIFICATE AT THE END OF THESE INSTRUCTIONS; IF "YES", PROCEED TO NEXT PAGE.

Page 5

## COMPENSATORY DAMAGES

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that the plaintiff has suffered. Compensatory damages are not limited to expenses that the plaintiff may have incurred because of her injury. If the plaintiff wins, she is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that she has suffered because of the defendant's conduct.

"Mental anguish" means a high degree of mental pain and distress, which substantially disrupts a person's daily routine. It is more than mere disappointment, anger, resentment, or embarrassment, although it may include all of these.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness

Page 6

and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

A. Damages Accrued

If you find for the plaintiff, she is entitled to recover an amount that will fairly compensate her for any damages she has suffered to date.

B. Calculation of Future Damages

If you find that the plaintiff is reasonably certain to suffer damages in the future from her injuries, then you should award her the amount you believe would fairly compensate her for such future damages.

C. Reduction of Future Damages to Present Value

An award of future damages necessarily requires that payment be made now for a loss that plaintiff will not actually suffer until some future date. If you should find that the plaintiff is entitled to future damages, including future earnings, then you must determine the present worth in dollars of such future damages.

Page 7



If you award damages for loss of future earnings, you must consider two particular factors:

1. You should reduce any award by the amount of the expenses that the plaintiff would have incurred in making those earnings.

2. If you make an award for future loss of earnings, you must reduce it to present value by considering the interest that the plaintiff could earn on the amount of the award if she made a relatively risk-free investment. The reason why you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to the plaintiff if she receives it today than if she received it in the future, when she would otherwise have earned it. It is more valuable because the plaintiff can earn interest on it for the period of time between the date of the award and the date she would have earned the money. Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that the plaintiff can earn on that amount in the future.

However, you must not make any adjustment to present value for any damages you may award for future pain and suffering or future mental anguish.

### MITIGATION OF DAMAGES

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find that Defendant is liable and Plaintiff has suffered damages, Plaintiff may not recover for any item of damage which she could have avoided through reasonable effort. The Plaintiff must exercise reasonable diligence in both seeking and maintaining substantially similar

Page 8



employment. If you find by a preponderance of the evidence that Plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages or exercise reasonable diligence in both seeking and maintaining substantially similar employment, you should deny her recovery for those damages which she would have avoided had she taken advantage of the opportunity or exercised reasonable diligence in both seeking and maintaining substantially similar employment.

You are the sole judge of whether Plaintiff acted reasonably in avoiding or minimizing her damages. Plaintiff may not sit idly by when presented with an opportunity to reduce her damages. However, she is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The Defendant has the burden of proving the damages which the Plaintiff could have mitigated. In deciding whether to reduce Plaintiff's damages because of her failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether Defendant has satisfied its burden of proving that Plaintiff's conduct was not reasonable.

**Page 9**

## JURY QUESTION NO. 2:

ANSWER THIS QUESTION ONLY IF YOU ANSWERED "YES" TO QUESTION 1. OTHERWISE DO NOT ANSWER THIS QUESTION AND PROCEED TO JURY CERTIFICATE AT THE END OF THESE INSTRUCTIONS.

What sum of money, if any, paid now in cash, would fairly and reasonably compensate Plaintiff for her damages, if any, that resulted from Defendant's conduct?

Consider the following elements of damages, if any, and none other.

Do not include interest on any amount of damages you may find.

Do not include in your answer any amount that you find the Plaintiff could have avoided by the exercise of reasonable care.

Do not include in your answer any amount that you find the Plaintiff could have earned by exercising reasonable diligence in seeking and maintaining other employment.

Do not include back pay or interest in calculating compensatory damages, if any.

**(a) Back pay.**

"Back pay" is that amount of wages and employment benefits that Plaintiff would have earned if she had not been subjected to her employer's unlawful conduct less any wages, unemployment compensation benefits, or workers' compensation benefits she received in the interim.

"Employment benefits" include paid time off, bonuses, monetary losses incurred as a result of the loss of health, life, dental, or similar insurance coverage.

Answer in dollars and cents, if any.

ANSWER: $26,150.00$

Page 10



(b) **Compensatory damages in the past**, which include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

Answer in dollars and cents, if any.

ANSWER: $10,000.00

(c) **Compensatory damages in the future**, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

Answer in dollars and cents, if any.

ANSWER: —0—

Page 11

## **JURY QUESTION NO. 3:**

ANSWER THIS QUESTION ONLY IF YOU ANSWERED "YES" TO QUESTION 1 <u>AND</u> AWARDED DAMAGES IN QUESTION 2. OTHERWISE DO NOT ANSWER THIS QUESTION AND PROCEED TO JURY CERTIFICATE AT THE END OF THESE INSTRUCTIONS.

Did Defendant make a good faith effort to prevent gender discrimination in the workplace?

Answer "Yes" or "No."

ANSWER: __No__

# **JURY QUESTION NO. 4:**

ANSWER THIS QUESTION ONLY IF YOU ANSWERED "NO" TO QUESTION NO. 3.

Do you find by clear and convincing evidence that the Defendant engaged in the discriminatory practice that you have found in answer to Question No. 1 with malice or reckless indifference to the right of Plaintiff to be free from such practices?

"Clear and Convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by the Defendant to cause substantial injury or harm to Plaintiff.

Answer "Yes" or "No."

ANSWER: __Yes__

IF YOUR ANSWER IS "YES," PROCEED TO QUESTION NO. 5.

IF YOUR ANSWER IS "NO," PROCEED TO JURY CERTIFICATE AT THE END OF THESE INSTRUCTIONS.  DO NOT ANSWER QUESTION NO. 5.

Page 13



## JURY QUESTION NO. 5:

ANSWER THIS QUESTION ONLY IF YOU ANSWERED "YES" TO QUESTION NO. 4. OTHERWISE, DO NOT ANSWER THIS QUESTION.

What sum of money, if any, if paid now in cash, should be assessed against Defendant and awarded to Plaintiff as exemplary damages, if any, for the conduct found in response to Question No. 4?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are –

      a.    the nature of the wrong;

      b.    the character of the conduct involved;

      c.    the degree of culpability of Defendant;

      d.    the situation and the sensibilities of the parties concerned;

      e.    the extent to which such conduct offends a public sense of justice and propriety;

      f.    the net worth of Defendant.

Answer in dollars and cents, if any.

ANSWER: $ 1,000,000

Page 14



## CERTIFICATE OF THE JURY

We, the jury, have answered the above and foregoing questions as indicated and herewith return the same into Court as our verdict.

_____
PRESIDING JUROR

SIGNED this _16th_ day of March, 2005.