UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MARILUZ G. ARISMENDEZ,  §<br>§<br>Plaintiff, §<br>VS. §<br>§<br>NIGHTINGALE HOME HELATH CARE, §<br>INC., §<br>§<br>Defendant. § | CIVIL ACTION NO. M-04-178 |

## MEMORANDUM ORDER

### I. BACKGROUND

Now before this Court is Plaintiff's Motion for Attorney's Fees and Entry of Judgment. (Doc. 39).[1] On March 16, 2003, a jury rendered a unanimous verdict in favor of Plaintiff on her claim against Defendant for intentional gender/pregnancy discrimination under the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code § 21.001 *et seq.* (Doc. 55). The jury awarded Plaintiff $26,150 in back pay and $10,000 in past compensatory damages. *Id.* Finding that Defendant did not make a good faith effort to prevent gender/pregnancy discrimination in the workplace, and finding by clear and convincing evidence that Defendant engaged in the discriminatory practice at issue with malice or reckless indifference to the right of Plaintiff to be free from such practice, the jury further awarded Plaintiff $1,000,000 in punitive damages. *Id.*

Defendant now objects to Plaintiff's Motion for Entry of Judgment on the grounds that the proposed judgment fails to apply a statutory cap on punitive damages. (Doc. 41).

### II. ANALYSIS

#### A. Statutory cap on damages

Plaintiff contests the post-verdict application of a state statutory cap on damages, to be discussed *infra*. (Docs. 39, 42). In the alternative, Plaintiff argues that this Court should look to the Texas Commission on Human Rights Act ("TCHRA"), rather than the Texas Civil Practices & Remedies Code ("TCPRC"), for the applicable cap. (Doc. 42).

---

[1] The Court will address Plaintiff's award of attorney's fees in a separate order. *See* Fed. R. Civ. P. 54(d)(2).

The TCHRA provides, in pertinent part:

**§21.2585.  Compensatory and Punitive Damages.**
> (a)  On finding that a respondent engaged in an unlawful intentional employment practice as alleged in a complaint, a court may, as provided by this section, award:
> (1) compensatory damages; and
> (2) punitive damages.
>
> (b)  A complainant may recover punitive damages against a respondent...if the complainant demonstrates that the respondent engaged in a discriminatory practice with malice or with reckless indifference to the state-protected rights of an aggrieved individual.
>
> (c) Compensatory damages awarded under this section may not include:
> (1)  back pay;
> (2)  interest on back pay; or
> (3)  other relief authorized under Section 21.258(b).
>
> (d) *The sum of the amount of compensatory damages* awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses *and the amount of punitive damages awarded under this section may not exceed*, for each complainant:
>> (1) $50,000 in the case of a respondent that has more than 14 and fewer than 101 employees;
>> (2) $100,000 in the case of a respondent that has more than 100 and fewer than 201 employees;
>> (3) $200,000 in the case of a respondent that has more than 200 and fewer than 501 employees; and
>> (4) $300,000 in the case of a respondent that has more than 500 employees....

Tex. Lab. Code § 21.2585 (Vernon 2004)(emphasis added).

Plaintiff acknowledged the application of "the $300,000 cap for emotional damages," presumably referring to the cap set forth in Section 21.2585(d)(4), in the Joint Pretrial Order filed with this Court, and in fact Defendant does not contest that it employs more than 500 employees. (Docs. 30, 41, 57).  Therefore, as Plaintiff was awarded $10,000 in compensatory damages, the maximum amount of punitive damages recoverable under the TCHRA is $290,000 in the present case.

Defendant argues, however, that the TCPRC sets the maximum amount of recoverable punitive damages in the present case. (Docs. 41, 57).  The TCPRC provides as follows:

**§ 41.002.  Applicability.**
> (a)  This chapter applies to any action in which a claimant seeks damages relating to a cause of action.
>
> (b)  This chapter establishes the maximum damages that may be awarded in an action subject to this chapter, including an action for which damages are awarded under another law of this state.  This chapter does not apply to the extent another law establishes a

>  lower maximum amount of damages for a particular claim.
>  (c)  Except as provided by Subsections (b) and (d), in an action to which this chapter applies, the provisions of this chapter prevail over all other law to the extent of any conflict.
>  (d)  Notwithstanding any provision to the contrary, this chapter does not apply to Section 15.21, Business & Commerce Code (Texas Free Enterprise and Antitrust Act of 1983), an action brought under the Deceptive Trade Practices-Consumer Protection Act (Subchapter E, Chapter 17, Business & Commerce Code) except as specifically provided in Section 17.50 of that Act, or an action brought under Chapter 21, Insurance Code.

Tex. Civ. Prac. & Rem. Code § 41.002 (Vernon 2004).

It is apparent to this Court that the damages caps provided by the TCPRC are intended to serve as the maximum amount of damages in this, an action in which Plaintiff seeks damages related to her cause of action for intentional gender/pregnancy discrimination under the TCHRA. *See* Tex. Civ. Prac. & Rem. Code § 41.002(a).  Notably, the list of exceptions to the application of Chapter 41 of the TCPRC does not include the TCHRA.  *See* Tex. Civ. Prac. & Rem. Code § 41.002(d).  Although Plaintiff argues that, in determining the maximum amount of damages under the two statutes, the Court should refrain from applying the statutes to the case at hand, Section 41.002(b) of the TCPRC makes it clear that the TCPRC does not apply to the extent another law–here, the TCHRA–establishes a lower maximum amount of damages *for a particular claim* .  *See* Tex. Civ. Prac. & Rem. Code § 41.002(b); (Docs. 42, 57).  Therefore, the Court's task is to determine whether the TCHRA, as applied, provides for a lower maximum amount of damages than the TCPRC; if not, the statutory caps set forth in the TCPRC apply.[2]

The TCPRC limits the amount of exemplary damages recoverable against a defendant as follows:

>  **41.008.  Limitation on Amount of Recovery....**
>  (b)  Exemplary damages awarded against a defendant may not exceed an amount equal to the greater of:
> (1)(A)  two times the amount of economic damages; plus

---

[2]  Plaintiff also argues that the TCPRC provides for a modified burden of proof ("clear and convincing") and a definition of "malice" that differs from the TCHRA definition; therefore, the two statutes impermissibly conflict.  (Doc. 42).  The TCHRA allows a plaintiff to recover punitive damages if she demonstrates that the defendant "engaged in a discriminatory practice with malice or reckless indifference...," and the Court instructed the jury to find as such "by clear and convincing evidence." Tex. Lab. Code § 21.2585(b)(emphasis added); (Doc. 55); State Bar of Tex., Texas Pattern Jury Charges–Business, Consumer, Insurance & Employment PJC 110.31B (2004).  The TCPRC provides that "[i]f the claimant relies on a statute establishing a cause of action and authorizing exemplary damages in specified circumstances or in conjunction with a specified mental state, exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the damages result from the specified circumstances or culpable mental state." Tex. Civ. Prac. & Rem. Code § 41.003(c). Where, as here, the jury found by clear and convincing evidence that Defendant acted with the culpable mental state specified by the TCHRA, exemplary damages may be awarded under the TCPRC.  No impermissible conflict between the two statutes exists.

>   (B)  an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or
> (2)  $200,000....

Tex. Civ. Prac. & Rem. Code § 41.008(b)(Vernon 2004).

Here, two times the amount of economic damages (2 x $26,150=$52,300) plus the amount of noneconomic damages ($10,000) equals $62,300. Clearly, $200,000 is the greater of the two forms of recovery, and therefore the maximum amount of exemplary damages under the TCPRC in the present case. Such amount is also clearly *lower* than the $290,000 maximum award of punitive damages under the TCHRA. As such, the $200,000 statutory cap on exemplary damages applies.

### B.  Waiver of affirmative defense

Regardless of which statutory cap applies, Plaintiff argues that Defendant failed to plead or prove the damages cap as an affirmative defense and, therefore, this Court may not apply the cap. (Docs. 39, 42). Defendant does not dispute that it did not specifically plead the application of the statutory cap as an affirmative defense. (Docs. 41, 57).

In support of her position that any applicable state statutory cap on damages must be plead and proved, Plaintiff relies on *Shoreline, Inc. v. Hisel*, 115 S.W.3d 21 (Tex.App.-Corpus Christi 2003). (Docs. 39, 42). The court in *Shoreline* opined that "[w]here maximum damages are provided in statutes in Texas, and a defendant wants to rely on the cap, it is considered a defense that must be plead and proved [pursuant to Tex. R. Civ. P. 94]." *Shoreline*, 115 S.W.3d at 25. Although, at the very least, *Shoreline* provides guidance to this Court as to whether the state statutory cap at issue functions as an affirmative defense,[3][4] federal procedural law governs the manner and time in which such defense must be raised, and when such defense is waived. *E.g.*, *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003)(federal procedural law applies in diversity cases); *Morgan Guar. Trust Co. of New York v. Blum*, 649 F.2d 342, 344 (5th Cir. 1981)("In diversity of citizenship actions, state law defines the nature of defenses, but the Federal Rules of Civil Procedure provide the manner and time in which defenses are raised and when waiver occurs."); *Simon*, 891 F.2d at 1156 (same).

Rule 8(c) of the Federal Rules of Civil Procedure requires that parties plead all affirmative

---

[3] *See Seal v. Indus. Elec., Inc.*, 362 F.2d 788, 789 (5th Cir. 1966)(in cases removed to federal court, where federal procedural rules apply, "[w]hether a particular matter is to be regarded as an affirmative defense is to be determined by state law"); *see also Ingraham v. U.S.*, 808 F.2d 1075, 1080 n.4 (5th Cir. 1987)(citing *Seal* and noting that "[w]e are cognizant that the definition of affirmative defense is a matter of federal law, but we may consult state law cases for guidance").

[4] In fact, cases within this Circuit support Plaintiff's contention that a state statutory cap on damages functions as an affirmative defense within the meaning of Rule 8(c) of the Federal Rules of Civil Procedure. *Ingraham*, 808 F.2d at 1079 (Texas statutory limit on medical malpractice damages is affirmative defense under Rule 8(c)); *Simon v. U.S.*, 891 F.2d 1154, 1156-57 (5th Cir. 1990)(finding that *Ingraham* compelled conclusion that Louisiana limitation on malpractice damages is affirmative defense because it is "avoidance" within meaning of Rule 8(c)).

defenses. Fed. R. Civ. P. 8(c). However, the general rule that an affirmative defense must be plead, or such failure to plead will result in a waiver, is not without exception. *Allianz Versicherungs, AG v. Profreight Brokers Inc.*, 2004 WL 1013390 at *1 (5th Cir. 2004)(quoting *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 491-92 (5th Cir. 2001); *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983)). Rather, "'[w]here the matter is raised in the trial court in a manner that does not result in unfair surprise...technical failure to comply precisely with Rule 8(c) is not fatal.'" *Allianz*, 2004 WL 1013390 at *1 (quoting *Giles*, 245 F.3d at 491-92). "A defendant does not waive an affirmative defense if he 'raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.'" *Giles*, 245 F.3d at 492 (quoting *Mackay*, 695 F.2d at 856).

Defendant points to the district court's decision in *Paris v. Dallas Auto., Inc.*, 2001 WL 881278 (N.D.Tex. 2001), in support of its contention that Defendant need not plead the statutory damages cap at issue as an affirmative defense. (Docs. 41, 57). However, the court's decision in *Paris* merely reaffirms the applicability of the Fifth Circuit's "exception to the rule" test. Relying on the language in *Giles* and *Mackay*, the court in *Paris* essentially found that "[w]here the statutory [maximum of damages] is plainly set forth [in the statute]," no unfair surprise or prejudice to the plaintiff exists. *Paris*, 2001 WL 881278 at *5. As did the court in *Paris*, this Court will employ the Fifth Circuit's test to determine whether Defendant's failure to plead the affirmative defense at issue has resulted in a waiver of such defense in the present case.

In order to find that Defendant did not waive its affirmative defense, the Court must be satisfied that (1) Defendant raised the issue at a pragmatically sufficient time; (2) Defendant raised the issue in a manner that did not result in unfair surprise; and (3) Plaintiff was not prejudiced in her ability to respond.

Defendant has certainly raised the affirmative defense at issue here at a *pragmatically* sufficient time, as it has done so before the entry of judgment. *See Lucas v. U.S.*, 807 F.2d 414, 418 (5th Cir. 1986)(application of state statutory cap on damages is purely legal issue as it does not affect plaintiffs' proof of damages but simply limits dollar amount of damages plaintiff *is* able to prove). In addition, this Court must conclude that Defendant's post-verdict assertion of the applicability of a state statutory cap on damages did not unfairly surprise Plaintiff in the present case. As noted *supra*, Plaintiff in fact acknowledged the application of a damages cap in the Joint Pretrial Order filed with the Court. (Doc. 30); *see Giles*, 245 F.3d at 492 (no unfair surprise where damages cap asserted as contested issue of law in joint pretrial order and pre-trial hearing held on issue); *Mackay*, 695 F.2d at 856 (no unfair surprise where affirmative defense included in pretrial order). Although this Court did not hold a hearing on the issue of the application of a damages cap until after trial, Plaintiff has advanced no argument that her efforts to prove damages at trial would have differed had she known the TCPRC cap would be applied. *See Lucas*, F.2d 414 at 418. In light of the above, the Court finds that Defendant has not waived its affirmative defense and will accordingly apply the TCPRC cap on damages.

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following against Defendant:

1. Back pay damages in the amount of $26,150 with added prejudgment interest at the rate of 3.24% per annum from April 8, 2003 through March 16, 2005;
2. Compensatory damages in the amount of $10,000 in past compensatory damages, not subject to prejudgment interest;
3. Exemplary damages in the amount of $200,000, not subject to prejudgment interest; and
4. Post-judgment interest on the amount of the money judgment recovered at the rate prescribed by law, from the date of the entry of judgment until paid. *See* 28 U.S.C. § 1961.

The issue of recovery of attorney's fees shall be addressed by separate order.

SO ORDERED this 15th day of July, 2005, at McAllen, Texas.

*/s/ Randy Crane*
Randy Crane
United States District Judge